CHAS. SCHEUBER v. BRUCE WHEELER.

(No. 2950.)

APPEAL from Denton County.    Opinion by HURT, J.

(*Transferred from Austin.*)

CAPPS & CANTEY and JAGOE & PONDER, counsel for appellants.

No counsel appeared for appellee.

§ 211. *Fraudulent conveyance; constructive notice of fraudulent intent of vendor; case stated.* Wheeler sued Scheuber and the constable, Snead, for conversion of a stock of drugs, fixtures, etc. The defendants, who are appellants here, answered that said goods were seized and sold as the property of T. J. Wheeler, who is plaintiff's brother, by virtue of a writ of attachment in a suit

in which Scheuber was plaintiff and T. J. Wheeler was defendant; and charged fraud upon appellee in purchasing the goods from his brother, T. J. Wheeler. Upon the trial a verdict and judgment was for the plaintiff, and both defendants appeal. Appellants requested the court to give to the jury this instruction: "If you find from the testimony that T. J. Wheeler sold to Bruce Wheeler with intent to hinder, delay or defraud creditors of the said T. J. Wheeler, and that the said Bruce Wheeler had notice of said intent, and that defendant was one of the creditors of said T. J. Wheeler at the time of said sale, then you will find for defendants. I further instruct you that 'notice,' as used in the preceding section, may be either actual or constructive notice; and by 'constructive notice' is meant knowledge of such fact or facts as would excite the suspicions of a man of ordinary prudence, and put him on inquiry as to the fraudulent intent of the vendor." These instructions were refused, and this is assigned for error. Under the facts and peculiar circumstances of this case, we are of opinion that these instructions should have been given. Appellee has filed no brief in the case. We suppose, however, that he would contend that the substance of these charges had already been submitted to the jury. We have carefully examined the charge given, and we find that the instructions given are not as full and pertinent as those requested. The statute bearing upon this subject reads: "Art. 2465. This article shall not affect the title of a purchaser for valuable consideration unless it appears that he had notice of the fraudulent intent of his immediate grantor, or of the fraud rendering void the title of such grantor." Upon these provisions our courts of last resort have placed the construction that, if the purchaser for valuable consideration had knowledge of such facts as would excite the suspicion of a man of ordinary prudence, and put him upon inquiry as to the fraudulent intent, knowledge of such facts is constructive

notice, and is equivalent to actual notice. [W. & W. Con. Rep. 1005; Blum v. Simpson, 66 Tex. 84; Traylor v. Townsend, 61 Tex. 144.]

January 31, 1891.        Reversed and remanded.